1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RAY RICHARD RENFRO,                        No.  2:15-cv-0632 DB P

11                     Plaintiff,

12        v.                                     ORDER

13   LISA CLARK-BARLOW, et al.,

14                     Defendants.

15

16        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

17   appointment of counsel.  (See ECF No. 21).  Some of the reasons plaintiff offers in support of this

18   request include the fact that he has little experience doing legal research and legal writing, that he

19   has limited access to a law library, that he has limited formal education, and that the issues in his

20   case are complex.  (See id. at 3-5).

21        The United States Supreme Court has ruled that district courts lack authority to require

22   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

23   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

24   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

25   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

26        The test for exceptional circumstances requires the court to evaluate the plaintiff's

27   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

28   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

                                              1

1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 21) is DENIED.

Dated:  November 26, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/renf0632.31

2